1  GINA L. DURHAM (SBN 295910)
   DLA PIPER LLP (US)
2  555 Mission Street, Suite 2400
3  San Francisco, CA 94105
   Telephone: 415-836-2500
4  Facsimile: 415-836-2501
   gina.durham@us.dlapiper.com
5
6  JORDAN CHISEK (SBN 320919)
   DLA PIPER LLP (US)
7  555 Mission Street, Suite 2400
   San Francisco, CA 94105
8  Telephone: 415-836-2500
   Facsimile: 415-836-2501
9  Jordan.Chisek@us.dlapiper.com

10
11 Attorneys for Plaintiff
   AXM, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXM, LLC | Case No. |
| Plaintiff, | **COMPLAINT FOR** |
| v. | **1) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (LANHAM ACT, 15 U.S.C. § 1125);** |
| XFL Properties, LLC | |
| Defendant. | |
| | **2) STATE COMMON LAW TRADEMARK INFRINGEMENT;** |
| | **3) STATE UNFAIR COMPETITION (UNDER CAL. BUS. & PROF. CODE § 17200)** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

WEST\298755611.1

**INTRODUCTION TO THIS ACTION**

1. Plaintiff AXM, LLC operates and is also known as TOGETHXR ("TOGETHXR") which is an entertainment and media company in the sports and lifestyle space. Co-founded by four of the most accomplished athletes of our time, Alex Morgan, Chloe Kim, Simone Manuel, and Sue Bird, TOGETHXR focuses on promoting inclusivity and equality, offering a platform and media properties where sports, culture, lifestyle, and activism converge.

2. Defendant XFL Properties, LLC ("XFL Properties"), is a professional American football league. XFL Properties was originally launched as a collaboration between the World Wrestling Foundation and NBC. Most recently, in August 2020 the business was purchased out of bankruptcy by Alpha Acquico, LLC, Dwayne Johnson, and Dany Garcia.

3. Without TOGETHXR's authorization or approval, XFL Properties has attempted to revive its image with a brand that appropriates the stylization and mimics the brand originally adopted and carefully built by TOGETHXR. Specifically, on April 6, 2022 XFL Properties announced a re-brand and new logo which include a look and feel that is confusingly similar to TOGETHXR's brand and logo:



TOGETHXR has made repeated attempts to resolve this issue informally with XFL Properties, including by contacting XFL Properties and providing information regarding TOGETHXR's trademarks and rights. Notwithstanding an infinite number of options for different stylizations of its logo and word choices other than TOGETHER, XFL Properties has thus far failed to acknowledge that it has tread on TOGETHXR's rights. Consequently, TOGETHXR brings this action in this Court for redress and an injunction in order to stop the appropriation of a brand in which it has deeply invested.

## THE PARTIES

4. AXM LLC is a Delaware Limited Liability Company with a principal place of business at 1223 Wilshire Blvd., #292 Santa Monica, California 90403.

5. Upon information and belief, XFL Properties, LLC is a Delaware Limited Liability Company with a principal place of business at 600 Steamboat Road, Ste. 107 Greenwich, Connecticut 06830.

## JURISDICTION AND VENUE

6. This is a civil action alleging federal trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. §1125, common law trademark infringement, and unfair competition under California law, including Business & Professions Code § 17200.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a) and (b), because the claims address federal questions concerning the Lanham Act. This Court has supplemental jurisdiction over TOGETHXR's state law claims because those claims are joined with substantially related claims under the Lanham Act. This Court also has supplemental jurisdiction over TOGETHXR's state law claims pursuant to 28 U.S.C. § 1367(a), because all of TOGETHXR's claims arise out of a common nucleus of facts.

8. This Court has personal jurisdiction over the XFL Properties because it

has conducted substantial business throughout the State of California and attempted to derive financial benefits from residents of the State of California.

9. In the 2021/2022 season, one of the eight teams that were part of the XFL league were the Los Angeles Wildcats and the team played their home games at Dignity Health Sports Park in Carson, California.

10. Jurisdiction over XFL Properties is also proper for the additional and alternative reason that XFL Properties markets and sells the services at issue to residents of the State of California and otherwise places the infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including within this District.

11. Venue in this Court exists under: (i) 28 U.S.C. §§ 1391(b)(1), (c)(2), as XFL Properties conducts business within this District and is subject to the Court's personal jurisdiction; and (ii) § 1391(b)(2), as a substantial part of the events giving rise to TOGETHXR's claims occurred within this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS
### TOGETHXR's Business

12. TOGETHXR operates the TOGETHXR platform which promotes inclusivity and equality in the sports, culture, and lifestyle space. The brand is promoted extensively on the company website here: https://togethxr.com/ and also has a significant social media presence (including on Instagram, Twitter, TikTok, Snapchat, and YouTube). For example, the brand's Instagram account has over one hundred thousand followers and the brand's TikTok account features nearly two million followers. As shown in the following screenshots, the social media platforms prominently feature the company's exclusive TOGETHXR and X logo trademarks:





13. The brand's widespread and extensive social media presence is only further amplified by the social media presence of its respective founders. For example, founder Alex Morgan has 9.5 million followers on Instagram

14. Since March 2021, TOGETHXR has made continuous use of its TOGETHXR and X logo trademarks in connection with its services and products.

15. TOGETHXR is the owner of pending United States trademark applications for TOGETHXR (Serial No. 90657685), TGXR (Serial No. 90657704), and ✂ (Serial No. 97031596).

16. TOGETHXR also owns common law rights to TOGETHXR and its exclusively stylized X logo through the extensive and continuous use of the marks in California and other States in the United States (these rights, collectively are referred to as the "TOGETHXR Marks").

### XFL Properties' Infringing Activities

17. XFL Properties announced its re-brand to its XFL logo prominently on its website, in a promotional video, and corresponding advertising and marketing materials on or around April 9, 2022.

18. At the time of this announcement, TOGETHXR's federal trademark applications were a matter of public record and the widespread use of the TOGTHXR Marks would have been in plain view to XFL Properties.

19. Without seeking permission or approval from TOGETHXR, XFL Properties utilizes an X design that is closely similar to TOGETHXR's logo which is featured prominently on its xfl.com website.

20. In addition, the rebrand prominently features TOGETHER (which is highly similar to TOGETHXR's TOGETHXR trademark) as a branding element in XFL Properties' promotional materials:

[Screenshot of xfl.com homepage showing a video with "TOGETHER" text between two large stylized X/chevron shapes, with a crowd in the background. Caption on the video reads "A New Identity for the XFL's New Direction."]

21. XFL Properties' misuse of the Togethxr Marks is particularly problematic given that XFL Properties operates in a field that is directly related to TOGETHXR's offerings, namely athletics, and targets similar customers, e.g., advertisers, and social video and TV/Streaming platforms.

22. XFL Properties' marketing and use of the TOGETHER and newly stylize X logo to promote its American football colleague infringes TOGETHXR's trademark rights.

23. Upon learning of XFL Properties' use of this X logo and the TOGETHER mark, TOGETHXR immediately contacted XFL Properties and asked that XFL Properties cease the use.

24. Even after being made well aware of TOGETHXR's concerns with XFL Properties' re-brand and logo, XFL Properties has disregarded TOGETHXR's concerns and prior rights, instead continuing to use and actively promote the infringing marks, in an act of willful infringement.

25. Consequently, TOGETHXR brings this action in this Court for redress and an injunction in order to stop this wrongful conduct.

**FIRST CLAIM FOR RELIEF**
**(Federal False Designation of Origin – 15 U.S.C. § 1125(a))**

26. TOGETHXR repeats and realleges each and every allegation contained in paragraphs 1 through 25 above, as if set forth herein in full.

27. The TOGETHXR Marks are inherently distinctive, and TOGETHXR has used and marketed the marks to distinguish and to identify its brand and to promote its entertainment and marketing company in the marketplace. TOGETHXR has acquired substantial goodwill through its continued use and prominent use of the TOGETHXR Marks.

28. XFL Properties' use of TOGETHER and a similarly stylized X logo is likely to cause confusion, mistake, or deception, and constitutes infringement of TOGETHXR's trademarks in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1125(a).

29. Upon information and belief, XFL Properties was fully aware of TOGETHXR, the TOGETHXR platform, and the TOGETHXR Marks prior to XFL Properties' April 9, 2022 re-brand launch.

30. As a result of XFL Properties' acts of trademark infringement and unfair competition, XFL Properties has diminished the TOGETHXR brand, and benefited in the marketplace, at the expense of TOGETHXR.

31. As a result of XFL Properties' unlawful conduct, TOGETHXR has been and continues to be substantially and irreparably harmed. If XFL Properties' infringement and unlawful acts are permitted to continue, TOGETHXR will sustain further damage and irreparable injury. Through such unfair acts and use of a confusingly similar mark, the value of the TOGETHXR Marks will be diminished or destroyed, for which damage TOGETHXR cannot be adequately compensated at law.

32. XFL Properties has derived unlawful gains and profits from its infringement of the TOGETHXR Marks, and XFL Properties thereby has caused loss

and damage to the goodwill in the TOGETHXR Marks. As a proximate result of XFL Properties' infringement, TOGETHXR has suffered and is likely to suffer injury to its business, goodwill, reputation, and profit, all to the damage of TOGETHXR, in an amount as yet unknown but to be proven at trial.

33. TOGETHXR's damages may be trebled pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) because, upon information and belief, XFL Properties' actions have been committed willfully, with intent and full knowledge of TOGETHXR's rights, among other things.

**SECOND CLAIM FOR RELIEF**
**(Common Law Trademark Infringement)**

34. TOGETHXR repeats and realleges each and every allegation contained in Paragraphs 1 through 33 above, as if set forth herein in full.

35. In addition to the rights violated under the Lanham Act, TOGETHXR has valid common law rights in the TOGETHXR Marks.

36. XFL Properties' use of the TOGETHER mark and its similarly stylized X logo is in violation and derogation of TOGETHXR's common law rights, and is likely to cause confusion, mistake and deception among customers and the public as to the source, origin, sponsorship or quality of TOGETHXR's goods and services and business, thereby causing loss, damage and injury to TOGETHXR and the public. XFL Properties knew, or in the exercise of reasonable care should have known, that its conduct was likely to mislead the public.

37. Upon information and belief, the foregoing conduct by XFL Properties has been knowing, deliberate, willful, and with the knowledge that it is likely to cause mistake or to deceive, and in disregard of TOGETHXR's rights.

38. XFL Properties' wrongful acts, as alleged above, have permitted or will permit it to make substantial sales and/or profits on the strength of TOGETHXR's marketing, advertising, sales and customer recognition of the TOGETHXR Marks.

39. As a result of XFL Properties' unlawful conduct, TOGETHXR has been

and continues to be substantially and irreparably harmed.  If XFL Properties' unfair competition and acts are permitted to continue, further damage and irreparable injury will be sustained by TOGETHXR.  Through such unfair acts and use of the TOGETHXR Marks, the value of the marks will be diminished or destroyed, for which damage TOGETHXR cannot be adequately compensated at law.

40. XFL Properties has derived unlawful gains and profits from its acts of infringement, as alleged above, and has caused loss and damage to TOGETHXR and the goodwill in the TOGETHXR Marks.  TOGETHXR has suffered and is likely to suffer injury to its business, goodwill, reputation, and profit, in an amount as yet unknown but to be proven at trial.

41. TOGETHXR has no adequate remedy at law for, and is being irreparably harmed by, XFL Properties' continuing violation of it rights as set forth above, and such harm will continue unless XFL Properties is enjoined by this Court.

**THIRD CLAIM FOR RELIEF**
**(Unfair Competition Under Cal. Bus. & Prof. Code § 17200)**

42. TOGETHXR repeats and realleges each and every allegation contained in Paragraphs 1 through 41 above, as if set forth herein in full.

43. XFL Properties' use and marketing of products and services under the TOGTHER mark and similarly stylized X logo, as alleged above, constitutes unfair competition and an unlawful business practice in violation of Sections 17200 et seq. of the California Business and Professions Code and common law.

44. TOGETHXR is informed and believes, and on that basis alleges, that XFL Properties' unfair competition practices, namely, the adoption and use of TOGETHXER and its similarly stylized X logo, have been willful and have been committed with the knowledge of TOGETHXR's business and use of its TOGETHXR Marks.

45. TOGETHXR is informed and believes, and on that basis alleges, that XFL Properties' use of TOGETHER and its similarly stylized X logo has deceived

-9-

or is likely to deceive TOGETHXR's customers and potential customers and/or XFL Properties' customers and potential customers into believing that XFL Properties' products and services and TOGETHXR's products and services are affiliated, associated, and/or endorsed by the other.

46. As a result of XFL Properties' acts of unfair competition, TOGETHXR has been and continues to be substantially and irreparably harmed. If XFL Properties' unfair competition is permitted to continue, further damage and irreparable injury will be sustained by TOGETHXR. Through such unfair acts and use of a confusingly similar mark, the value of the TOGETHXR Marks will be diminished or destroyed, for which damage TOGETHXR cannot be adequately compensated at law.

47. TOGETHXR is informed and believes, and on that basis alleges, that XFL Properties has derived unlawful gains and profits from its acts of unfair competition, as alleged above, and has caused loss and damage to TOGETHXR and the goodwill in the TOGETHXR Marks. TOGETHXR has suffered and is likely to suffer injury to its business, goodwill, reputation, and profit, in an amount as yet unknown but to be proven at trial.

**ALLEGATION OF HARM COMMON TO ALL CLAIMS FOR RELIEF**

48. TOGETHXR repeats and realleges each and every allegation contained in Paragraphs 1 through 47 above, as if set forth herein in full.

49. TOGETHXR has suffered, is suffering, and will continue to suffer irreparable harm and damage as a result of XFL Properties' wrongful conduct. XFL Properties will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to the irreparable damage of the business and reputation of TOGETHXR. TOGETHXR's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

## **PRAYER FOR RELIEF**

WHEREFORE, TOGETHXR respectfully prays that the Court:

1. Enter judgment against XFL Properties, as indicated below:

    (a) that XFL Properties has committed and is committing acts of trademark infringement, false designation of origin, false or misleading description of fact, or false or misleading representation in violation of TOGETHXR's rights under 15 U.S.C. § 1125(a) and California state law;

    (b) that XFL Properties has willfully and deliberately competed unfairly with TOGETHXR in violation of TOGETHXR's rights under 15 U.S.C. § 1125(a) and California state law;

2. Issue preliminary and permanent injunctive relief against XFL Properties, that XFL Properties, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with XFL Properties, be enjoined and restrained from:

    (a) using, imitating, copying, or making any other infringing use of the TOGETHXR Marks and any other mark now or hereafter confusingly similar or identical to the TOGETHXR Marks in connection with business process and performance management software products and related services;

    (b) using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any good or service has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for TOGETHXR, when such is not true in fact;

    (c) using the names, logos, or other variations thereof of TOGETHXR Marks in any of XFL Properties' trade or corporate names;

    (d) engaging in any other activity constituting an infringement of the TOGETHXR Marks, or of TOGETHXR's rights in, or right to use or to exploit the

Marks; and

        (e)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above.

    3.    Require XFL Properties to publish notice to all distributors, brokers, retailers, tradeshows, sellers, customers and other members of the trade who may have seen or heard of XFL Properties' infringement of the TOGETHXR Marks, which notice shall disclaim any connection TOGETHXR and advise them of XFL Properties' discontinuance from all use of the infringing marks;

    4.    Order XFL Properties to pay the costs of any corrective advertising required by TOGETHXR as a result of XFL Properties' unlawful activities alleged herein;

    5.    Order XFL Properties to hold in trust, as constructive trustees for the benefit of TOGETHXR, its profits obtained from its provision of XFL Properties' goods and services under the infringing marks;

    6.    Order XFL Properties to provide TOGETHXR a full and complete accounting of all amounts due and owing to TOGETHXR as a result of XFL Properties' illegal activities;

    7.    Order XFL Properties to pay TOGETHXR's damages and XFL Properties' profits pursuant to 15 U.S.C. § 1117(a) for XFL Properties' willful violation of the TOGETHXR Marks;

    8.    Order XFL Properties to pay to TOGETHXR both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action; and

    9.    Grant TOGETHXR such other and additional relief as is just and proper.

WEST\298755611.1

| | | |
|---|---|---|
| Dated:  June 1, 2022 | | DLA PIPER LLP (US) |
| | | By: /s/ *Gina L. Durham* |
| | |     Gina L. Durham |
| | |     Jordan Chisek |
| | |     Attorneys for Plaintiff |

-13-

COMPLAINT

WEST\298755611.1

## **DEMAND FOR JURY TRIAL**

AXM, LLC demands a trial by jury as to all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 1, 2022          DLA PIPER LLP (US)

By */s/ Gina L. Durham*
Gina L. Durham
Jordan Chisek
Attorney for Plaintiff

-14-

COMPLAINT

WEST\298755611.1